## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

_____

CSX TRANSPORTATION, INC.        )
                                       )
             **PLAINTIFF** )   Civil Action No. 4:16cv-00167-JHM
v.                                  ) **CHIEF JUDGE JOSEPH H. MCKINLEY, JR.**
                                       )
                                       )
LUSTER EXPRESS, LLC         )
d/b/a Bama Freight, LLC        )
                                       )
            **DEFENDANT** )

_____

## MEMORANDUM OPINION AND ORDER

      Before the Court is the motion of Praetorian Insurance Company (DN 14) to intervene in this action to assert a property damage subrogation claim against Plaintiff CSX Transportation, Inc. CSX opposes the motion and has filed a response at DN 15, to which Praetorian has replied at DN 16.

### Nature of the Case

      On July 14, 2015, Jason Sullivan, an employee of Defendant Luster Express, LLC, was driving a tractor unit pulling a flatbed drop deck trailer. When Sullivan attempted to cross a set of railroad tracks, his trailer became stuck. An oncoming CSX train struck the trailer, pushing it down the track and destroying a crossing signal and signal house (DN 1). CSX brings this negligence action against Luster Express for property damage.

## Praetorian's Motion to Intervene

Praetorian provided insurance coverage to Luster for the tractor-trailer involved in the accident. Praetorian alleges it paid for damage to the truck, trailer and cargo, as well as towing and storage fees, totaling approximately $119,000.00, and is subrogated to Luster for recovery of those payments. Praetorian seeks to intervene in this action to assert a claim against CSX pursuant to Fed. R. Civ. P. 24(a) as a matter of right, as it contends its claims relate to the property or transaction that is the subject of this action and is so situated that disposing of the action may impair or impede its ability to protect its interest. In the alternative, Praetorian asserts that is should be permitted to intervene under Rule 24(b).

## CSX's Opposition

CSX contends that Fed. R. Civ. P. 13(a) requires that any counterclaim against it must have been asserted when Luster filed its answer. As Praetorian is a subrogee of Luster, and therefore stands in the shoes of its insured with regard to the assertion of the subrogation claim, CSX argues that the subrogation claim must have been asserted as a counterclaim, and Praetorian is estopped from attempting to assert it now. In support of its position, CSX cites Avemco Ins. Co. v. Cessna Aircraft Co., 11 F.3d 668 (10th Cir. 1993) and Cincinnati Ins. Co. v. Cost Co., No. 5:10CV7, 2011 U.S. Dist. LEXIS 3155 (N.D. W. Va. Jan. 12, 2011) for the proposition that "pleader" as used in Rule 13(a) includes any subrogation claim and, as such, a subrogation claim is a mandatory counterclaim which must be asserted at the outset of the defense.

## Analysis

Fed. R. Civ. P. 13(a) defines a compulsory counterclaim as one which arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require the addition of another party over whom the court cannot acquire jurisdiction. If both of these factors are satisfied, then the pleader must state any such claim it holds at the time of service. The reason for the rule has been explained as follows:

> "The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint."

Kirschbaum v. Wells Fargo, N.A., No. 5:16-CV-136-JHM, 2017 U.S. Dist. LEXIS 47308, *18 (W.D. Ky. March 30, 2017) (*quoting* Southern Const. Co. v. Pickard, 371 U.S. 57, 60 (1962).

Contrary to CSX's suggestion, Rule 13(a) does not establish a "speak now or forever hold your peace" doctrine.

> "The Court . . . considering the applicability of Rule 15 holds that a compulsory counterclaim not raised in an answer cannot be raised in subsequent litigation but may be filed (is not waived) in the instant litigation with the Court's permission. Accordingly, [defendant] did not waive the compulsory counterclaim when it failed to raise it in its answer to [plaintiff's] claim. Instead, it was free to ask the Court for leave to amend."

Dixie Fuel Co., LLC v. Straight Creek, LLC, No. 08-326-GFVT, 2011 U.S. Dist. LEXIS 23321, *8-9 (E.D. Ky. March 8, 2011); *see also* Vaughn v. Konecranes, Inc., No. 5:14-

136-DCR, 2015 U.S. Dist. LEXIS 7467, *4 (E.D. Ky. Jan. 22, 2015) ("This Court has previously held that a compulsory counterclaim not raised in an answer cannot be raised in subsequent litigation but may be filed in the instant litigation with the Court's permission").

As Praetorian notes, the cases cited by CSX can be differentiated by the fact that the parties seeking to assert subrogation claims had the opportunity to make the claims in prior actions, but failed to do so. Those courts concluded that, in keeping with Rule 13(a)'s objective of preventing piecemeal litigation, the subrogation holders' missed their window of opportunity to make the claims. Conversely, in this case Praetorian's assertion of the subrogation claim is entirely consistent with the objective of Rule 13(a) that all claims arising from a common nexus be resolved in a single action.

**IT IS ORDERED** the motion of Praetorian Insurance Company to intervene, DN 14, is **GRANTED**.

ENTERED this

Copies to:    Counsel of Record